UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

3W s.a.m. tout bois,                      No. 2:10-cv-01070-MCE-KJN

        Plaintiff,

    v.                                    <u>MEMORANDUM AND ORDER</u>

ROCKLIN FOREST PRODUCTS,
INC., a California
Corporation,

        Defendant.

----oo0oo----

    Plaintiff 3W s.a.m. tout bois ("Plaintiff") brings suit pursuant to 28 U.S.C. § 1332(a)(2). (ECF No. 1.)  Plaintiff alleges several violations against Defendant Rocklin Forest Products, Inc. ("Defendant"), including breach of contract, breach of the covenant of good faith and fair dealing, fraud in inducement, fraudulent misrepresentation, and common counts for money had and received, account stated, and unjust enrichment.

///

///

///

1

Defendant filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).[1]  For the reasons stated below, Defendant's motion is granted in part and denied in part.[2]

## BACKGROUND[3]

This action arises out of a dispute regarding an oral agreement between Plaintiff and Defendant for the sale of hardwood veneer.[4]  On or about May 2008, agents of both Plaintiff and Defendant met in Slovenia to discuss Defendant's interest in obtaining hardwood veneer from Plaintiff for Defendant's resale to its customers.  Ultimately, Plaintiff agreed to sell, and Defendant agreed to buy, approximately 25,000 square meters of hardwood veneer.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

[3] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

[4] Plaintiff fails to specify, but the Court deduces, that the agreement at issue was oral in nature.  The Court acknowledges that Cal. Code of Civ. Proc. § 430.10(g) permits dismissal of a complaint where a court cannot ascertain from the pleading whether the contract is written, oral or implied by conduct.  However, because this rule is procedural in nature, and Rule 8(a) is on point, the Court declines to exercise its discretion to apply it here.  See generally Chaganti v. I2 Phone Intl. Inc., No. 04-0987, 2005 U.S. Dist. LEXIS 46449 (N.D. Cal. Mar. 11, 2005), Brownstein v. American Airlines, No. 05-3435, 2005 U.S. Dist. LEXIS 30295 (N.D. Cal. Nov. 7, 2005).

This veneer was to be sent in two separate shipments consisting of two different grades of the product: a premium "Jaguar" burl veneer, and a lesser quality burl veneer (hereinafter, "Non-Jaguar").  Both parties understood and acknowledged that the Jaguar burl was of much higher quality and value than the Non-Jaguar burl.  Under the terms of this oral agreement, Defendant agreed to pay Plaintiff $18.00 USD per square meter, representing a blended rate of the two grades of veneer for the total sale.

Approximately one month later, pursuant to this agreement, Plaintiff sent to Defendant the first shipment of veneer consisting entirely of the Non-Jaguar variety.  This shipment was invoiced by Plaintiff on July 25, 2008, and received by Defendant on or around September 2008.

In October 2008, an agent of Defendant returned to Slovenia to select a pallet of the Jaguar burl veneer for the second shipment.  Immediately thereafter, Plaintiff sent this final shipment by air freight as was specifically requested by Defendant, rather than the usual method of surface shipment, and invoiced Defendant on October 24, 2008.

After the final shipment was sent, Defendant notified Plaintiff that the Jaguar veneer had been damaged in transit and Defendant intended to make an insurance claim for the loss. Defendant requested documentation from Plaintiff to show the Jaguar veneer's individual value separate from the blended rate with the Non-Jaguar. Plaintiff refused this request on the ground that the veneer purchased was a mixed lot bought as a whole with an agreed-upon blended rate of $18.00 USD per square meter.
///

1  Plaintiff further informed Defendant that since it had accepted
2  both shipments, thereby completing Plaintiff's performance of the
3  agreement, Defendant would be solely responsible for handling any
4  issues regarding loss of its own property.

5      The total amount of veneer sent to Defendant was 24,184.85
6  square meters in close approximation and fulfillment of the
7  agreement for 25,000 square meters.  The total amount owed to
8  Plaintiff for these goods is $435,327.30, of which Defendant has
9  paid nothing.

10
11                              **STANDARD**
12

13      On a motion to dismiss for failure to state a claim under
14  Rule 12(b)(6), all allegations of material fact must be accepted
15  as true and construed in the light most favorable to the
16  nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,
17  337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and
18  plain statement of the claim showing that the pleader is entitled
19  to relief," to "give the defendant fair notice of what
20  the...claim is and the grounds upon which it rests."  Bell Atl.
21  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations
22  and quotations omitted).  Though "a complaint attacked by a Rule
23  12(b)(6) motion" need not contain "detailed factual allegations,
24  a plaintiff's obligation to provide the 'grounds' of his
25  'entitlement to relief' requires more than labels and
26  conclusions, and a formulaic recitation of the elements of a
27  cause of action will not do."  Id. at 555 (quoting Papasan v.
28  Allain, 478 U.S. 265, 2869 (1986)).

A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Further, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing...grounds on which the claim rests." Twombly, 550 U.S. at 555 n.3 (internal citations omitted). A pleading must then contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

Once the court grants a motion to dismiss, they must then decide whether to grant a plaintiff leave to amend. Rule 15(a) authorizes the court to freely grant leave to amend when there is no "undue delay, bad faith, or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1962). In fact, leave to amend is generally only denied when it is clear that the deficiencies of the complaint cannot possibly be cured by an amended version.

///

///

///

///

See <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992); <u>Balistieri v. Pacifica Police Dept.</u>, 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

**ANALYSIS**

**A.   Breach Of Contract**

Under California law, to state a claim for breach of contract, the plaintiff must plead: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's breach of the contract; and (4) resulting damages. <u>Armstrong Petrol. Corp. v. Tri Valley Oil & Gas Co.</u>, 116 Cal. App. 4th 1375, 1391 n.6 (2004). The Statute of Frauds requires a contract for the sale of goods to be in writing where the transaction meets or exceeds $500. Cal. U. Com. Code § 2201(1). Oral contracts will be enforced, however, if they satisfy one of the Statute of Frauds exceptions enumerated in Cal. U. Com. Code § 2201(3).

Section 2201(3)(c) sanctions an enforceable oral contract where the goods have been received and accepted, as defined by § 2606, in partial performance of the agreement. Goods are considered accepted under § 2606 once the buyer takes any one of the following actions:

///

///

6

(a) signifies to seller that he will take goods in spite of
nonconformity after reasonable opportunity to inspect; (b) fails
to reject goods after reasonable opportunity to inspect;
(c) takes any action inconsistent with seller's ownership of the
goods; or (d) accepts any part of the unit.

Plaintiff does not specify in its complaint whether the
agreement at issue was oral or in writing, but does not deny in
its opposition Defendant's contention that the contract was oral.
Instead, Plaintiff claims their agreement satisfies the "partial
performance" exception to the Statute of Frauds because Defendant
accepted the Jaguar burl veneer.  Plaintiff has specified the
dates Defendant received both shipments of veneer, and Defendant
has not denied receiving the goods.  The facts as pled therefore
satisfy the requirement that Defendant received the goods.

Defendant does contend, however, that Plaintiff has not met
its burden to show that the goods were accepted under § 2606.
Though Plaintiff does not specify precisely which definition of
acceptance applies to Defendant's conduct, it has pled enough
facts to demonstrate a likelihood that Defendant did accept the
goods.  Defendant received the first shipment of Non-Jaguar in
September 2008, and consistent with exception (b) of § 2606, did
not at any point reject the goods.  The fate of the second
shipment is less clear.  Defendant appeared to be rejecting the
Jaguar burl veneer by proposing that Plaintiff "take back" the
goods.  (Compl. ¶ 34.)  Before this proposal, however, Defendant
attempted to make a claim against its insurance company for the
value of the damaged Jaguar burl veneer.  (Compl. ¶ 48.)
///

7

This action appears to be inconsistent with Plaintiff's ownership of the goods as most insurance policies do not cover loss of property owned by a company other than the insured.  Such conduct fits within exception (c) of § 2606, which satisfies the final requirement for recognizing an enforceable oral contract.

This Court finds that enough facts have been pled to indicate that an enforceable oral contract existed between the parties. Defendant's Motion to Dismiss Plaintiff's first claim for breach of contract is denied.

**B.   Breach Of The Covenant Of Good Faith And Fair Dealing**

The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. Foley v. Interactive Data Corp., 47 Cal. 3d 654, 683-84 (1998). The covenant of good faith is read into contracts to protect the express terms or promises of the contract.  Id. at 690.

Defendant's sole contention in moving to dismiss this claim is that no enforceable contract exists on which to hinge the covenant of good faith and fair dealing.  Because the Court has determined that Plaintiff has pled enough facts to demonstrate that the parties had an enforceable oral contract, this claim is sufficient to stand.  Defendant's Motion to Dismiss Plaintiff's second claim for breach of good faith and fair dealing is denied.

///

///

///

///

1    **C.   Fraud In The Inducement - Promise Made Without Intent
           To Perform**

2

3         In addition to meeting the standards of Rule 8 and <u>Twombly</u>,

4    a claim for fraud must meet the heightened pleading standard of

5    Rule 9(b), which requires a plaintiff to state with particularity

6    the facts and circumstances which give rise to the fraud alleged.

7    Plaintiff pleads only general facts in its claim for fraud in the

8    inducement, and does not state with sufficient particularity the

9    circumstances surrounding the fraud, or facts indicating

10   Defendant in fact committed fraud.  Plaintiff merely pleads that

11   Defendant "actually intended...it would not pay for the shipments

12   that it received."  (Compl. ¶ 29).

13        A conclusory statement without specific facts pled to show

14   why Plaintiff believed Defendant intended never to pay for the

15   goods does not satisfy the heightened pleading requirement.  On

16   the facts pled, this Court fails to see how Defendant's

17   nonpayment of goods received rises to the level of fraud.

18   Because Plaintiff does not satisfy the pleading requirement, the

19   Court does not reach the Economic Loss Rule issue at this

20   juncture.  Defendant's Motion to Dismiss Plaintiff's third claim

21   for promise made without intent to perform is granted.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

9

### D.   **Fraudulent, Intentional Misrepresentation**

Intentional misrepresentation is subject to the same heightened pleading requirements of Rule 9(b).  A sufficiently pled complaint for fraud contains specific information such as the "time, place, and specific contents of the false representations."  <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1066 (9th Cir. 2004) (internal citations omitted).

Here, Plaintiff does plead enough facts to indicate the specific contents of the false representations alleged.  However, Plaintiff fails to specifically state the time, place and surrounding circumstances of the fraud.  The Complaint is insufficient to withstand dismissal on a claim for fraud. Defendant's Motion to Dismiss Plaintiff's fourth claim for intentional misrepresentation is granted.

### E.   **Common Counts - Money Had And Received**

A general common count claim is merely a statement that the defendant is indebted to the plaintiff for one of any variety of reasons.  <u>G. Hirsch & Co. v. AmerisourceBergen Corp.</u>, No. 06-00608, 2006 U.S. Dist. LEXIS 32895 at *6-7 (N.D. Cal. May 17, 2006).  Claims for money had and received may be used to request recovery upon every form of quasi-contractual obligation. <u>Stone v. White</u>, 301 U.S. 532, 534 (1937).  Money had and received is an equitable remedy that permits restitution where consideration has "wholly failed."  <u>Bank of America Nat'l Trust & Sav. Ass'n. v. Hayden</u>, 231 F.2d 595, 601 (9th Cir. 1956).

1  California has three elements for a common count: (1) statement

2  of indebtedness of a specified sum; (2) statement of the

3  consideration; and (3) non-payment. G. Hirsch & Co., No.

4  06-00608, 2006 U.S. Dist. LEXIS 32895 at *6-7 (citing Farmers

5  Ins. Exchange v. Zerin, 53 Cal. App. 4th 445 (1997)).  When a

6  common count is used as an alternative claim seeking the same

7  recovery demanded in a specific cause of action based on the same

8  facts, the common count may be dismissed if the cause of action

9  is dismissed.  McBride v. Boughton, 123 Cal. App. 4th 379, 394-95

10  (2004).

11      Defendant argues that Plaintiff's common count claim does

12  not meet the Rule 8 pleading standard because it does not mention

13  specific facts on which to base the allegation.  However,

14  Plaintiff re-alleges and incorporates by reference each of the

15  prior allegations, which do contain specific facts alleging the

16  amount owed, the consideration, and non-payment.  Because the

17  Court declines to dismiss Plaintiff's claim for breach of

18  contract, this Court sees no reason to dismiss Plaintiff's common

19  count for money had and received.  Defendant's Motion to Dismiss

20  Plaintiff's fifth claim for money had and received is denied.

21

22      **F.   Common Counts - Account Stated**

23

24      The common count of account stated arises where a creditor

25  renders a statement of the account with money owed to the debtor

26  and that debtor failed to object to the statement within a

27  reasonable time.

28  ///

1   <u>TXU Energy Retail Co., v. Agri-Cel, Inc.</u>, No. 01-20289, 2006 U.S.

2   Dist. LEXIS 62385 *17-18 (N.D. Cal. Aug. 16, 2006) (citing

3   <u>Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana</u>

4   <u>Hydrolec</u>, 854 F.2d 1538 (9th Cir. 1988)).  The agreement

5   underlying this account statement is typically implied from the

6   circumstances rather than expressly stated.  <u>Id.</u>

7       Plaintiff's account stated claim easily meets the same

8   general common count elements noted above as it too re-alleges

9   and incorporates by reference all prior allegations.  These prior

10  allegations specifically note the specific sum owed to Plaintiff,

11  the consideration for that sum, and non-payment.  Thus,

12  Defendant's Motion to Dismiss Plaintiff's sixth claim for account

13  stated is denied.

14

15      **G.   Common Counts - Unjust Enrichment**

16

17      Unjust enrichment is not a stand-alone cause of action under

18  California law.  <u>McKell v. Wash. Mut. Inc.</u>, 142 Cal. App. 4th

19  1457, 1490 (2006).  Further, unjust enrichment is not recognized

20  as a cause of action in the Eastern District of California.

21  <u>Smith v. Aurora Loan Servs.</u>, No. 10-0198, 2010 U.S. Dist. LEXIS

22  92687 at *14-15 (E.D. Cal. Sept. 3, 2010).  A cause of action

23  must underlie a request for unjust enrichment that gives rise to

24  a right to restitution.  <u>McBride v. Boughton</u>, 123 Cal. App. 4th

25  379, 387-88 (2004).

26  ///

27  ///

28  ///

12

Plaintiff's claim fails as a matter of law and cannot be remedied.  Thus, Defendant's Motion to Dismiss Plaintiff's seventh claim for unjust enrichment is granted without leave to amend.

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 9.) is GRANTED as to claims 3 and 4 with leave to amend, GRANTED as to claim 7 without further leave to amend, and DENIED as to claims 1, 2, 5, and 6.  Plaintiff may file an amended complaint not later than twenty (20) days after this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, the Court will dismiss Plaintiff's claims without further notice and without leave to amend.

IT IS SO ORDERED.

Dated: February 4, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE