IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

3W S.A.M. TOUT BOIS,

    Plaintiff,                    No. 2:10-cv-01070 MCE KJN

    v.

ROCKLIN FOREST PRODUCTS, INC.,
a California Corporation,

    Defendant.               ORDER
_____/

        Presently before the court is defendant's motion to compel Mario Cassin, a Monaco resident and plaintiff's president or chief executive, to appear for a deposition in Sacramento, California, or alternatively, some other city in the United States.[1]  The court heard this matter on its May 17, 2012 law and motion calendar.  Attorney Brian M. Englund appeared on behalf of defendant.  Attorney Peter E. Glick appeared on behalf of plaintiff.

        The undersigned has fully considered the parties' Joint Statement re Discovery Disagreement and the parties' oral arguments.  For the reasons stated on the record at the hearing, IT IS HEREBY ORDERED that:

        1.    Defendant's motion to compel (Dkt. No. 36) is granted in part.

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

2.      Mario Cassin shall appear and testify at his deposition on a date prior to the June 15, 2012 discovery completion date absent a stipulation of the parties approved by the district judge assigned to this case.[2]

3.      Unless otherwise agreed to by the parties, Mr. Cassin shall appear and provide testimony in Monaco, and the deposition will be taken by telephone or video conference.

4.      Unless otherwise agreed to by the parties, plaintiff shall bear the logistical burden of arranging for the presence, in Monaco, of an appropriate deposition officer, licensed court reporter, videographer, and licensed and certified interpreter if necessary.  Unless otherwise agreed to by the parties, plaintiff shall also bear the logistical burden of ensuring compliance with applicable rules or laws regarding the taking of depositions abroad, such as the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters.

5.      Notwithstanding the foregoing, the parties are free to agree to legally permissible procedures that facilitate taking the deposition of Mr. Cassin and mitigating costs.

IT IS SO ORDERED.

DATED:  May 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] At the hearing, the parties requested leave to potentially conduct Mr. Cassin's deposition past the discovery completion date due to practical concerns about scheduling the foreign deposition and the possibility that Mr. Cassin will be in Atlanta, Georgia in August 2012.  The undersigned appreciates the parties' cooperation in resolving this dispute and notes that the limited leave appears warranted.  However, any motion or stipulation to modify the scheduling order must be presented to, and approved by, the district judge presiding over this case.